UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| LINDA J THOMPSON, )<br>  Plaintiff, )<br> )<br>v. )<br> )<br>MARTIN O'MALLEY, SOCIAL )<br>SECURITY ADMINISTRATION )<br>  Defendant. ) | Civil Action No 2:19-cv-0004<br>Judge Crenshaw/Frensley |

## REPORT AND RECOMMENDATION

Pending before the Court is the Plaintiff's motion for attorney's fees pursuant to §406(b) of the Social Security Act, 42 U. S. C. §406(b), Docket No. 22. The Defendant has filed an objection to the motion (Docket No. 23) and the Plaintiff has filed a reply (Docket No. 24). The matter was referred to the undersigned for report and recommendation. Docket No. 25. For the reasons set forth herein, the undersigned recommends that the Plaintiff's motion be **DENIED**.

## BACKGROUND

On August 12, 2019, the Court approved and adopted the undersigned's Report and Recommendation granting the Plaintiff's motion for judgment on the administrative record and remanding the case back to the Commissioner for further administrative proceedings. Docket No. 21. According to the Plaintiff's counsel, after remand, an administrative hearing was held on March 17, 2020, and on April 7, 2020, SSA rendered a decision which found that the Plaintiff was disabled as of May 1, 2016. Docket No. 22, p. 2. Plaintiff was awarded benefits retroactive to May 1, 2016, and 25% of the award was withheld to pay attorney's fees. *Id.* Plaintiff's counsel received a portion of the award with the remaining amount withheld resulting in the instant motion requesting an additional fee award of $5,865.90. *Id.* In support of the motion, Plaintiff's counsel

submitted a fee petition and itemized services rendered to SSA and asserted that the requested amount constitutes a reasonable fee. *Id.*

Defendant filed a response in opposition to the fee petition objecting the Plaintiff's request due to the late filing of the petition, lack documentation and failure to apply an offset for unfiled Equal Access to Justice Act ("EAJA) fees. Docket No. 23. Specifically, Defendant noted that under Local Rule 54.0(b)(3)(B) the petition for fees under the act should have been submitted no later than thirty (30) days after SSA's notice of award. *Id.* While the rule permits a showing of good cause for delay beyond the thirty (30) days, the Defendant notes that while the notice of award date may make this a timely position, no good cause statement was attached and is therefore unknown. *Id.* The Defendant further notes that the absence of the notice of award letter or documentation of a favorable decision on remand as required by the Local Rule and necessary for the Court to determine in the fee is reasonable. *Id.* Finally, Defendant notes that no EAJA offset was applied to the petition. *Id.* Defendant asserts where an attorney has opted not to file an EAJA petition, it is reasonable to deduct the hours spent during Court proceedings compensable under EAJA award from the amount sought under §406(b). *Id.* at p. 5. Defendant asserts that based upon counsel's billing, an EAJA award would have resulted in a deduction exceeding the amount sought here and is a factor the Court should consider in determining the reasonableness of the Plaintiff's request. *Id.*

In Reply, the Plaintiff provides the Court with a copy of the fully favorable notice of decision dated August 7, 2020. Docket No. 24, p. 4. Plaintiff further points out that counsel timely filed the fee petition with the Social Security Administration and on June 1, 2020, received Plaintiff's notice of award including withholding of attorney's fees. *Id* at pp. 19-25. Plaintiff also includes a statement of good cause explaining that she filed the fee petition and itemization of

services with SSA and received a portion of the fee in October 2021. *Id.* at p. 26. Counsel asserts that on April 6, 2020, she received notice from SSA that the remaining fee was being withheld and required an order from the federal court to disperse. *Id.* On April 8, 2022, Plaintiff filed the instant motion for attorney's fees. Docket No. 22. Counsel goes on to note that this is the first claim she ever filed for attorney's fees, that she is "still learning the proper procedures that take place in federal court" and asks the Court to forgive her mistake. Docket No. 24, p. 27. Counsel does not address the Defendant's EAJA offset argument but notes that she "did not receive an attorney's fees award pursuant to the Equal Access to Justice Act. . . [and] Plaintiff is not entitled a refund or any offset made to the remaining fees requested." *Id.* at p. 2.

## LAW AND ANALYSIS

The methods by which attorney's fees are awarded to attorneys representing individuals in Social Security claims is summarized by Magistrate Judge Homes in *Bumpas v Saul:*

> There are three statutory provisions that address payment of fees to attorneys who represent claimants in social security appeals. The first is the EAJA, 28 U.S.C. § 2412(d), which authorizes district courts to require the United States to pay an award of attorney's fees to a "prevailing party" in a civil action against the United States or one of its agencies, such as the Social Security Administration. *See* 28 U.S.C. § 2412(d)(1)(A). A claimant who wins a remand at the federal level is deemed a "prevailing party" regardless of whether the claimant ultimately receives benefits from the Commissioner, and an EAJA award does not impact the amount in past-due benefits received by the claimant since the cost of the award is borne by the Social Security Administration.
>
> The second provision is found in 42 U.S.C. § 406(a), which covers work performed by the claimant's representative at the administrative level. Unlike EAJA fees, an award under § 406(a) allows an attorney to recover a portion of any past-due benefits awarded to a claimant following a favorable decision by an administrative law judge ("ALJ"). *See* 42 U.S.C. § 406(a)(2)(A). This provision authorizes the Commissioner, and not the district court, to award fees that generally total no more than $6,000.00. *See Tibbetts v. Comm'r of Soc. Sec.*, No. 1:12-cv-894, 2015 WL 1637414, at *2-3 (S.D. Ohio Apr. 13, 2015).3
>
> The last provision involving attorney's fees and the one relevant to the instant motion is contained in 42 U.S.C. § 406(b), which allows a claimant's

representative to recover attorney's fees of up to 25 percent of past-due benefits for work performed in federal court as part of a social security appeal. Such an award is only available to counsel when a claimant receives a favorable decision from an ALJ following remand from federal court. *Id.* § 406(b)(1)(A). Because the award reduces the amount of past-due benefits recovered by the claimant, it generally must be memorialized by a fee agreement, usually one of a contingency nature, entered into by both the claimant and the attorney. *Tibbetts,* 2015 WL 1637414, at *2. Moreover, counsel may apply for fees under both the EAJA and 42 U.S.C. § 406(b) but must refund to the claimant whichever of the two amounts is smaller. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

2019 WL 4016105 at *1-2, (M. D. Tenn. August 26, 2019).

A Court is required to determine the "reasonableness" of a fee requested under § 406(b) even if it is not opposed by the Commissioner. *Gisbrecht*, 535 U.S. at 807. If there is a contingency fee agreement between the requesting attorney and the claimant that calls for the attorney to be awarded 25% of a claimant's past-due benefits award is "given the weight ordinarily accorded a rebuttable presumption." *Hays v Sec'y of Health and Human Services,* 923 F. 2d 418, 421 (6th Cir. 1990). Nonetheless, the Court must review any such agreement for reasonableness considering factors such as the effective hourly rate, timeliness of the motion requesting attorney's fees, the Commissioner's position, if any and other fact related to the representation provided by counsel. *Lasley v Comm'r of Soc. Sec.,* 771 F. 3d 308, 310 (6th Cir 2014).

Plaintiff's counsel was awarded the maximum fee of $6,000.00 at the administrative level. The motion seeks an additional attorney fee award of $5,865.90. Docket No. 22. The Court must determine whether Plaintiff's counsel's fee request is reasonable. *Gisbrecht ,* 535 U.S. at 807-808. It is not.

First, Defendant correctly states Plaintiff's counsel's motion failed to comply with Local Rule 54.01(b)(3). Docket No. 23. However, counsel's filing in reply substantially complies with the requirement of the rule. While the statement of good cause is somewhat lacking, the Court will accept it for purposes of reaching the merits of counsel's request.

4

Case 2:19-cv-00004    Document 27    Filed 10/15/24    Page 4 of 7 PageID #: 888

While the Plaintiff's counsel seeks an award of $5,865.90, this is only a portion of the entire request of $11,865.90 filed at the administrative level on remand. Docket No. 24, p. 2. Plaintiff's counsel has received a fee award of $6,000.00 from SSA for representing Plaintiff at the administrative level. *Id.* This amount represents the statutory cap on awards at that level at the time of the determination.

It is undisputed that Plaintiff's counsel did not timely file a motion for attorney's fees under EAJA "within 30 days of the order of remand or reversal," *see,* M. D. Tenn. Local Rule 54.01(b)(3)(A) and the instant motion only seeks fees pursuant 42 U. S. C. §406(b)(1). This is important because "while fees awarded under 42 U. S. C. §406(b) are deducted from a claimant's award of past due Social Security benefits, the United States must pay fees awarded under EAJA out of government funds." *Gisbrecht,* 535 U.S. at 795-796. In practice, this means Social Security claimants pay §406(b) fees out of their benefits, whereas the government must pay EAJA fees independent of the benefits award. *Minor v Commissioner of Social Security*, 826 F. 3d 878, 881 (6th Cir. 2016). Furthermore, an award under EAJA offsets any fee award under §406(b), permitting the claimant to recover an additional portion of their past due benefits. Thus, an attorney's failure to apply for EAJA fees arguably results in a penalty to the claimant because the Plaintiff does not receive the benefit of having the lower award refunded to her. *Horton v. Commissioner of Social Security*, 2018 WL 4701588, at *1 (M. D. Tenn. October 1, 2018).

As this Court has previously noted, "[t]o prevent þlaintiffs from being penalized as a result of counsels' failure to apply for EAJA fees to which they were entitled, courts have either reduced the Subsection (b) award by an amount equal to the foregone EAJA fees, or taken counsels' failure to apply for EAJA fees into account in determining a reasonable fee for their services." *Horton*, supra at *1, *citing Wolfe v. Colvin*, No. 14-11397, 2016 WL 7650793, at *2 (E.D. Mich. Dec. 30,

5

Case 2:19-cv-00004    Document 27    Filed 10/15/24    Page 5 of 7 PageID #: 889

2016).

As noted above, it is undisputed that no EAJA request was filed after the remand decision in this Court. While counsel states in reply that "therefore Plaintiff is not entitled to a refund, or an offset made to the remaining fees requested" counsel cites no authority for the position and it appears to be contradictory to the well-established case law on the issue. The Defendant submits that had an EAJA fee request been made, the award would have equaled roughly $6,262.00. Docket No. 23, p. 5. This calculation is not disputed by the Plaintiff's counsel. Plaintiff's counsel could have requested attorney's fees under the EAJA as the "prevailing party" which would have been warranted in this case given this Court's order of remand. *Turner v Commission of Social Security,* 680 F. 3d 721, 723 (6th Cir. 2012). In such a case, Plaintiff would have been entitled to the offset under the law.

Accordingly, a full award of fees under §406(b) would be unreasonable. Because Plaintiff's counsel has already received the statutory maximum fee on remand, the balance of $5,865.90 is all that remains at issue. In light of the above analysis regarding counsel's failure to seek attorney's fees under EAJA an offset is appropriate for the hours spent on the matter in federal court. Applying that offset, the fees counsel would have been awarded under EAJA exceed the requested amount in this case and therefore, counsel' award request should be **DENIED**. Plaintiff's counsel has submitted no authority or made any argument as to why the Court should depart from the well-established law regarding fees in a Social Security case.

For the reasons set forth herein, the undersigned recommends that the Plaintiff's counsel's motion for attorney's fees (Docket No. 22) be **DENIED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this

Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**U. S. Magistrate Judge**